IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JMA INVESTMENTS,<br><br>　　　　　Plaintiffs,<br>　v.<br>MT. HAWLEY INSURANCE COMPANY;<br>and DOES 1 through 25, inclusive,<br><br>　　　　　Defendants.<br>_____/ | No. C 13-04581 RS<br><br>**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT** |

　　　On May 19, 2014, judgment was entered in favor of defendant Mt. Hawley Insurance Company ("Mt. Hawley") following cross-motions for summary judgment. Plaintiff JMA Investments ("JMA") sought relief from that order in a motion styled as a motion for reconsideration. The motion was construed as a timely motion for relief from the judgment, consistent with Rules 59 and 60 of the Federal Rules of Civil Procedure, and Mt. Hawley was directed to respond to parts II.C through II.I of JMA's motion for relief concerning the issue of estoppel. As was indicated in that order, the proper interpretation of California Insurance Code section 673(i) was addressed at length in the Court's Order granting summary judgment to Mt. Hawley following extensive prior briefing by both parties and would not be revisited in response to the instant motion.

Rule 59(e) of the Federal Rules of Civil Procedure provides that a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.  Rule 60(b) provides that such relief may be granted for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . ; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."  Neither JMA's motion nor its brief in reply set forth the grounds upon which it seeks relief.  To the extent the motion might be construed as one for relief under Rule 60(b)(6), JMA seeks a remedy that is to be exercised "sparingly as an equitable remedy to prevent manifest injustice." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir.1993).  To obtain relief under Rule 60(b)(6), a party must demonstrate "extraordinary circumstances" that prevented him or her from ably prosecuting the case in the normal course. *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010).  Attempts to re-litigate matters already decided by the court, or to introduce new arguments or evidence, are disfavored.  *See Casey v. Albertson's Inc.*, 362 F.3d 1254, 1261 (9th Cir. 2004)

Setting aside JMA's renewed contentions relative to the Court's interpretation of Insurance Code section 673, JMA raises three basic arguments for relief.  First, JMA argues that California not federal law should be applied regarding the presumption of receipt of a properly-mailed letter.  Although the federal rules and related laws concerning evidence "ordinarily govern in diversity cases," "state evidence rules that are 'intimately bound up' with the state's substantive decision making must be given full effect by federal courts sitting in diversity." *Feldman v. Allstate Ins. Co.*, 322 F.2d 660, 666 (9th Cir. 2003).  JMA chose not to litigate the question of which rule should apply and presents no reason now why its present arguments to the contrary could not have been raised in the prior motion.  In any event, even if JMA were correct that the state rule should apply here, it would not be entitled to relief from the judgment as explained below.

1   JMA argues that specific items of evidence noted in the Court's prior Order are not sufficient to prove that GGCG was on notice at the time it entered into the settlement agreement with JMA that its policy with Mt. Hawley had been canceled. The crux of these arguments by JMA is that notice to an independent insurance agent or broker is not sufficient to put the insured on notice because a broker has no continuing obligation as the insured's agent after the original policy has been secured. The question of whether notice to the broker was sufficient was first raised in Mt. Hawley's opening brief in support of its motion for summary judgment, when it cited *Marsh & McLennan of California v. City of Los Angeles*, 62 Cal. App. 3d 108 (1976), for the well-settled proposition that an insurance broker acts as the agent for the insured, not the insurer, in a transaction. JMA had ample opportunity to challenge the relevance of this rule and whether the broker continued to act in its capacity as an agent for the insured at all relevant times in JMA's response to Mt. Hawley and in the hearing concerning the parties' cross-motions for summary judgment. It did not do so then and presents no grounds to re-litigate the issue now. Therefore, regardless of whether Mt. Hawley satisfied either the state or federal mailbox presumption, the uncontested evidence that the agent knew the policy had been terminated was sufficient to put the insured itself on notice.

Finally, JMA argues that it is entitled to a finding that Mt. Hawley is estopped from asserting termination of the policy based on representations by its agents to agents of the insured that the policy remained in effect through the original policy period. Again, this issue was briefed by both parties on their cross-motions for summary judgment and was the subject of the hearing on those motions. JMA presents no new arguments necessitating relief from the court's prior order. On that basis, JMA's motion for relief (Dkt. No. 35) is denied.

IT IS SO ORDERED.

DATED: August 28, 2014

_____
RICHARD SEEBORG
United States District Judge

No. 13-cv-04581 RS
ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT

3